IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERAL DURANT HENDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-865-G-BN |
| | § | |
| WATCHTOWER BIBLE and TRACT | § | |
| SOCIETY, | § | |
| | § | |
| Defendants. | § | |

**ORDER REGARDING SUBJECT MATTER JURISDICTION AND SERVICE**

Plaintiff Jeral Durant Henderson paid the filing fee to bring this *pro se* lawsuit against two defendants he identifies as Watchtower Bible and Tract Society. *See* Dkt. No. 3. And Senior United States District Judge A. Joe Fish referred Henderson's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

While Henderson has paid the filing fee, the undersigned questions whether this Court has subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

And, if Henderson shows the Court that there is federal jurisdiction, because he has paid the filing fee, the Court further outlines his responsibility to properly serve each defendant with a summons and a complaint in accordance with Federal

Rule of Civil Procedure 4.

I.      Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG*, 526 U.S. at 583-84.

Plaintiffs who choose to file their lawsuits in federal court assume the burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam);

- 2 -

*Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And, if they do not, their lawsuits must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516

- 3 -

F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *but see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) ("Evidence of a person's place of residence … is prima facie proof of his domicile." (citations omitted)); *Stine*, 213 F.2d at 448 ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile.").

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). Accordingly, the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Turning to Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)

- 4 -

(quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))). "[T]his 'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted).

But "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). "[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

"Determining whether a claim is 'wholly insubstantial and frivolous' requires asking whether it is 'obviously without merit' or whether the claim's 'unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject.'" *Atakapa*, 943 F.3d at 1007 (quoting *Southpark Square*, 565 F.2d at 342).

- 5 -

Accordingly, while a review of Henderson's complaint, even under a liberal construction of his claims as required with *pro se* filings, does not reveal that there is jurisdiction under either Section 1331 or Section 1332, the Court will grant Henderson an opportunity to further establish that there is federal jurisdiction and ORDERS that he file by **May 21, 2021** a written response to this order to show the Court that it has subject matter jurisdiction over this lawsuit.

Failure to comply with this provision of this order will result in a recommendation that this action be dismissed for either lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) and/or failure to prosecute and obey an order of the Court under Federal Rule of Civil Procedure 41(b).

## II.   Service

If Henderson does establish federal jurisdiction, he must properly serve each defendant and, as to each defendant, file a proof of service with the Court in accordance with Rule 4(*l*) or obtain a waiver of service (and file that with the Court).

The Court further advises Henderson that, if proper service is not made – and shown to the Court through filed proofs of service or filed waivers of service – before the 90th day after his filing of this action (on April 15, 2021) that is not a Saturday, Sunday, or legal holiday – which, here, will be **July 14, 2021** – this case is subject to dismissal without prejudice unless he shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the Court to extend the time

for service for an appropriate period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b).

      SO ORDERED.

      DATED: April 19, 2021

                          _____

                          DAVID L. HORAN
                          UNITED STATES MAGISTRATE JUDGE